422 F.2d 820
 Murray BECKER, Distributee under the Court Plan of Liquidation of The First Hartford Exchange Fund, Inc., Appellant,
Securities & Exchange Commission, Plaintiff-Appellee,
v.
The FIRST HARTFORD EXCHANGE FUND, INC., Defendant, Kenneth N. LaVine, Esq., Conservator-Appellee.
 No. 125.
 Docket 33564.
 United States Court of Appeals, Second Circuit.
 Argued October 8, 1969.
 Decided February 11, 1970.
 
 Murray Becker, New York City, pro se.
 Richard V. Bandler, Associate Regional Administrator, Securities & Exchange Commission, New York City (Philip A. Loomis, Jr., Gen. Counsel, S.E.C., Washington, D. C.; Walter P. North, Associate Gen. Counsel, and Theodore Sonde, Sp. Counsel, Washington, D. C., Edwin H. Nordlinger, Sp. Counsel, and Michael S. Leo, New York City, on the brief), for plaintiff-appellee.
 Peter K. Leisure, New York City (Curtis, Mallet-Prevost, Colt & Mosle, New York City, John N. Marden, New York City, on the brief), for conservator-appellee.
 Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Murray Becker (Becker), appeals pro se from an order of the district court dated March 17, 1969 because as he states of "the failure of the Court to direct the return to me of my debentures with payment to me of all interest earned on them"; and because of excessive fees awarded by the court.
 
 
 2
 The facts may be condensed.
 
 
 3
 Becker, the owner of $50,000 (face value) of Demco Estates, Ltd. 6% Debentures, exchanged them on or about September 15, 1965 for 2,400 shares of The First Hartford Exchange Fund, Inc. (the Fund).
 
 
 4
 The Fund quickly got into trouble with the Securities and Exchange Commission for alleged violation of federal securities laws and a conservator for the Fund was appointed by the district court.
 
 
 5
 In December 1966 the conservator prepared and distributed a plan for the distribution of the Fund's assets which stated "All present shareholders of the Fund will receive back, where possible, the securities they originally deposited in the Fund." Becker was specifically referred to as having "Deposited $50,000 Demco Estates, Ltd. Debenture. Received 2,400 Fund shares." The plan stated "The Fund will return the $50,000 Demco Estates, Ltd. Debenture." After a hearing on notice to the Fund's shareholders, the court on May 25, 1967 approved this initial plan. Becker did not object.
 
 
 6
 Thereafter under date of March 17, 1969 a final plan was approved by the court. In the order the court noted objections by Becker, who claimed that the distribution to him of the $50,000 Demco Estates, Ltd. Debentures was unfair and that the portion of interest received by the conservator thereon and held for Becker's benefit was inequitable and rejected them.
 
 
 7
 As part of the final plan as set forth in the court's findings of fact and conclusions of law dated February 14, 1969 the court found with respect to interest on Becker's debentures that from the date of deposit (on or about September 15, 1965) until May 25, 1967, the date on which "the distribution of the debentures to Mr. Becker was approved, that they and the interest thereon were the property of the Fund."
 
 The court then said:
 
 8
 "The Conservator has held for Mr. Becker all interest accruing and paid after that date. The Conservator is presently holding $3,200 in interest for Mr. Becker's account, or an amount which is proportional to the length of time the debentures have been held by the Conservator for Mr. Becker's benefit (past May 25, 1967) as compared with the period they were held solely as the property of the Fund (approximately September 15, 1965 to May 25, 1967)."
 
 
 9
 Because of securities' laws restrictions, Becker's debentures were in the category (along with many other securities in the Fund) which embraced securities returnable to depositors in kind. As of August 31, 1966, the conservator's valuation date, the debentures were not in default and all interest payments to that date had been made. Hence, the face value, $50,000, was placed upon the debentures. No objection to this valuation was made by Becker at that time and no appeal was taken.
 
 
 10
 The conservator (in his brief) states that "The Demco Estates debentures and all interest accrued and collected after May 25, 1967 will be turned over to him [Becker] when he does, according to the Plan." This condition refers to the necessity of first surrendering his Fund shares which Becker apparently has not done (see page 1 of Final Plan).
 
 
 11
 The Securities and Exchange Commission has reviewed the Plans and has found them to be fair and equitable as to Becker.
 
 
 12
 We find the allocation of interest on Becker's debentures to be proper as a matter of fact and law.
 
 
 13
 The question of excessive allowances to conservator and counsel need not be considered in the light of our disposition of this case.
 
 
 14
 Judgment affirmed. No costs.